IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| NICK SPAGNOLO, | ) | CIVIL NO. 12-00563 LEK-BMK |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social | ) | |
| Security, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**

Before the Court is a Defendant Michael J. Astrue,
Commissioner of Social Security's ("Defendant") Motion to
Dismiss, filed on February 1, 2013 ("Defendant's Motion").
Plaintiff pro se Nick Spagnolo ("Plaintiff") filed his opposition
on February 7, 2013, and filed an additional document entitled
"Motion" on February 14, 2013 ("Plaintiff's Motion"), which
appears to respond to Defendant's Motion, but also appears to
request judgment on the pleadings and an order to show cause.
Defendant filed his reply on April 8, 2013.  The Court finds this
matter suitable for disposition without a hearing pursuant to
Rule LR7.2(d) of the Local Rules of Practice of the United States
District Court for the District of Hawai`i ("Local Rules").
After careful consideration of the Motion, supporting and
opposing memoranda, and the relevant legal authority, Defendant's
Motion is HEREBY GRANTED for the reasons set forth below.

**BACKGROUND**

On October 19, 2012, Plaintiff filed a document entitled "Motion for Mandamus vs. The United States Social Security Administration Commissioner - Michael J. Astrue; Notice to: 10-17-12; U.S. Attorney," which the Court liberally construes as a Complaint.  Plaintiff seeks mandamus relief, alleging that the Social Security Administration ("SSA") withheld $3,922.68 in Supplemental Security Income ("SSI") payments under Title XVI of the Social Security Act; improperly collected an overpayment of $324.89; and failed to pay his May 2011 SSI payment.

The Complaint states that Plaintiff has requested review multiple time of missing retroactive benefits, and sought reconsideration of any denials.  Plaintiff alleges that Defendant did not "review" as required by the Social Security Act and "CFR 20, 404.902(j)."  He claims that he was denied "review" in district court, and that the Court must "either review or remand."  [Complaint at ¶¶ 4-8.]

**I.   Defendant's Motion**

Defendant states that the instant case is Plaintiff's fourth civil action against the SSA seeking relief based on the same alleged payment miscalculation and missing benefits.  [Mem. in Supp. of Defendant's Mot. at 2 (citing Notice of Related Cases [dkt. no. 9]).]  Defendant asks the Court to dismiss the Complaint because Plaintiff fails to allege that he has exhausted

his administrative remedies, and because the claims are barred by res judicata.  [Id.]

A.    **Previous Cases**

Plaintiff filed his first complaint in Civil No. 11-00353 DAE-RLP, alleging "mis-handling of benefits," as well as an "underpayment mis-calculation," and alleging that the agency refused to "proceed within government guidelines," and refused to assist in processing certain documents.  [Id. (quoting Complaint in Civ. No. 11-00353 DAE-RLP).]  On September 21, 2011, the district court adopted in part and modified in part the Magistrate Judge's Findings and Recommendation, concluding that Plaintiff had not demonstrated that he had exhausted administrative remedies, and dismissing with leave to amend. [Id. at 3 (citing Order in Civ. No. 11-00353 DAE-RLP [dkt. no 34,] filed 9/21/11).]  Plaintiff then filed a request for a writ of mandamus, and, on February 13, 2012, the district court adopted the Magistrate Judge's Findings and Recommendations that the writ be denied.  [Id. (citing Order in Civ. No. 11-00353 DAE-RLP [dkt. no. 54,] filed 2/13/12).]

On June 1, 2012, Plaintiff filed a second complaint against the SSA in Civil No. 12-314 SOM-KSC.  Plaintiff alleged in that action that the SSA: (1) underpaid him by $3,922.68, (2) improperly assessed an overpayment of $324.89 from August 2011 to December 2011, and (3) improperly removed $674 in monthly

3

benefits from his Direct Xpress account.  On June 13, 2012, the district court found that "this case involves the same claims asserted in Spagnolo's original case, Civ. No. 11-00353" and ordered Plaintiff to show cause as to why the Complaint should not be dismissed on res judicata grounds.  [Id. at 4 (quoting Order in Civ. No. 12-314 SOM-KSC [dkt. no. 6,] filed 6/13/12).]  On October 5, 2012, Plaintiff filed a pleading captioned "Notice of Dismissal Without Prejudice".  [Id. (citing Civ. No. 12-314 SOM-KSC [dkt. no. 23]).]

According to Defendant, Plaintiff then filed two more actions against the SSA in October 2012.  On October 19, 2012, Plaintiff filed the instant action seeking mandamus relief under 28 U.S.C. § 1361, but raising the same claims as in his previously dismissed actions.  In addition, on October 26, 2012, Plaintiff filed a Complaint in Civil No. 12-00579 JMS-KSC, alleging "Violations of the Social Security Act," "Violations of Civil Rights," and seeking an injunction.  The district court dismissed that action on November 5, 2012, but declined to expressly find that Plaintiff's claims were barred by res judicata, and noted that the action was seeking "judicial review of the same failures by [Defendant] to review his requests."  [Id. (citing Civ. No. 12-00579 JMS-KSC [dkt. no. 4]).]

4

B.  **Mandamus Jurisdiction**

Defendant first argues that Plaintiff is not entitled to mandamus relief, and asks the Court to dismiss the case pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction.  Defendant argues that mandamus relief is possible only where a plaintiff has exhausted all other avenues of relief and only if the defendant owes plaintiff a nondiscretionary duty.  Defendant contends that Plaintiff cannot use the mandamus statute to circumvent the proper channeling of complaints through the SSA and the courts.  Defendant argues that no exception is present here because no official had a duty to adjudicate Plaintiff's claims absent any attempt to exhaust them under the agency's regulations.  Defendant states that 20 C.F.R. §§ 416.1400 and 416.1467 preclude judicial review of Plaintiff's claims regarding the alleged overpayment and benefit miscalculation unless Plaintiff has requested Appeals Council review, and the Appeals Council denies review.  [Id. at 5-6.]

C.  **Res Judicata**

Defendant also seeks dismissal pursuant to Rule 12(b)(6) because Plaintiff's claims are barred by res judicata. Defendant argues that all of Plaintiff's claims for mandamus relief are barred by res judicata because he raised identical claims in his June 2, 2011 Complaint and supplemental pleadings ("First Case"), and the court's January 11, 2012 Order dismissing

that action with prejudice constitutes a final judgment on the merits.  Defendant argues that both the First Case and this case arise out of the same transactional nucleus of facts.  [Id. at 8.]

Defendant asks the Court to dismiss without leave to amend.  He argues that any attempt to amend would be futile because Plaintiff's claims are barred by res judicata, and would cause Defendant to defend another unnecessary action.  [Id. at 10-11.]

## II.  Plaintiff's Opposition

Plaintiff's opposition argues that the SSA did not perform a proper review of his requests for payment, and that previous court decisions involving his prior complaints denied him due process.  Although difficult to decipher, it appears that Plaintiff argues that his claims are not barred by res judicata because "[n]o party to a complaint MUST ANSWER THE EXACT SAME ORDER TWO TIMES."  [Mem. in Opp. at "I" (emphasis in original).] He also argues that the legal concept of res judicata "is vague and subject to interpretation."  [Id. at 3.]

Plaintiff emphasizes that mandamus should lie in this action because of the failure of the SSA to review his requests, and because all references to a "complaint of 2012 are based upon a 'subsequent application'."  [Id. at 1.]  He also argues that the SSA and the Court "many not 'SKIP' CFR 20, 404.902(j) and

proceed to demand 'exhaustion[']."  [<u>Id.</u> at 3.]

## III. **<u>Plaintiff's "Motion"</u>**

Plaintiff appears to argue that he is entitled to judgment on the pleadings because of the Defendant's failure to answer, and because Defendant's res judicata and exhaustion arguments are "moot". [Plaintiff's Mot. at 1.]  He contends that the "only actual question before the court is the correct application of the Social Security Act."  [<u>Id.</u> at 2 (emphasis omitted).]

## I. **<u>Defendant's Reply</u>**

In his reply, Defendant states that Plaintiff's filings fail to present evidence or otherwise carry his jurisdictional burden of proving that he has exhausted his claims for relief. To the extent Plaintiff argues that the current action is viable because this district court wrongly dismissed his previous actions, Defendant argues that Plaintiff is attempting to relitigate the same subject matter and that the current claim is barred by res judicata.  [Reply at 2-3.]

<u>STANDARD</u>

In ruling on a motion to dismiss, the Court must construe a pro se complaint liberally, accept all allegations of material fact as true, and construe those facts in the light most favorable to the plaintiff.  <u>Resnick v. Hayes</u>, 213 F.3d 443, 447 (9th Cir. 2000).

Federal Rule of Civil Procedure 12(b)(1) authorizes a court to dismiss claims over which it lacks proper subject matter jurisdiction.

Federal Rule of Civil Procedure 12(b)(6) permits a motion to dismiss a claim for failure to state a claim upon which relief can be granted.  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)); see also Weber v. Dep't of Veterans Affairs, 521 F.3d 1061, 1065 (9th Cir. 2008).  This tenet – that the court must accept as true all of the allegations contained in the complaint – "is inapplicable to legal conclusions."  Iqbal, 556 U.S. at 678.  Accordingly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Id. (citing Twombly, 550 U.S. at 555).  Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id. (citing Twombly, 550 U.S. at 556).

## DISCUSSION

### I.   Subject Matter Jurisdiction

Under 28 U.S.C. § 1361, district courts have "original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to

8

perform a duty owed to the plaintiff." Mandamus relief is possible only where a plaintiff "has exhausted all other avenues of relief and only if the defendant owes [plaintiff] a clear nondiscretionary duty." Heckler v. Ringer, 466 U.S. 602, 616 (1982); see also Shalala v. Illinois Council on Long Term Care, Inc., 529 U.S. 1, 10, 13-14 (2000) (mandamus statute cannot be applied to short-circuit the administrative exhaustion requirement set forth under the Social Security Act).

Section 405(g) of the Social Security Act is the sole basis upon which the government has waived sovereign immunity for consideration of claims arising under the Social Security Act. 42 U.S.C. § 405(g). The mandamus statute does not by itself waive sovereign immunity. See Hou Hawaiians v. Cayetano, 183 F.3d 945, 947 (9th Cir. 1999); Washington Legal Found. v. U.S. Sentencing Comm'n, 89 F.3d 897, 901 (D.C. Cir. 1996). An exception to this rule exists where a plaintiff seeks to force a public official to perform a ministerial duty imposed upon him in his official capacity. Washington Legal Found., 89 F.3d at 901. Plaintiff has not established that the exception applies here.

Here, SSA regulations preclude judicial review of Plaintiff's claims regarding the alleged overpayment and benefit miscalculation until Plaintiff has requested Appeals Council review, and the Appeals Council denies review. See 20

C.F.R. §§ 416.1400,[1] 416.1467.  Plaintiff is not entitled to mandamus relief because he has not alleged or established that he exhausted the SSA's administrative review process.

## II.  <u>Res Judicata</u>

Res judicata bars litigation in a subsequent action of any claims that were raised or could have been raised in the prior action.  <u>Western Radio Servs. Co. v. Glickman</u>, 123 F.3d 1189, 1192 (9th Cir. 1997).  The doctrine is applicable if there is: (1) identity or privity between the parties; (2) an identity of claims; and (3) a final judgment on the merits.  <u>Id.</u>  "The central criterion in determining whether there is an identity of claims between the first and second adjudications is whether the two suits arise out of the same transactional nucleus of facts." <u>Frank v. United Airlines, Inc.</u>, 216 F.3d 845, 851 (9th Cir. 2000) (internal citations and quotations omitted).  "Res judicata or claim preclusion bars a subsequent action not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose."  <u>Valencia-Alvarez v.</u>

---

[1] Under 20 C.F.R. § 416.1400:

> When you have completed the steps of the administrative review process listed in paragraphs (a)(1) through (a)(4) of this section, we will have made our final decision.  If you are dissatisfied with our final decision, you may request judicial review by filing an action in a Federal district court.

Gonzales, 469 F.3d 1319, 1323 n.6 (9th Cir. 2006) (citations and quotation marks omitted).

In the present case, Plaintiff asserts claims that were raised or could have been raised in the previous action.  These claims all concern Plaintiff's Social Security benefits and arise out of the "same transactional nucleus of facts."  Plaintiff's actions in Civil Nos. 11-00343 DAE-RLP and 12-00314 SOM-KSC,[2] are nearly identical to the instant case.  The earlier cases include allegations regarding the missing benefits for May 2011, the alleged underpayment of $3,922.68, and the alleged overpayment of $324.89.  In fact, Plaintiff appears to concede that the same facts are at issue in the instant case because he frames this case as an "appeal" of the First Case and seeks review of the January 11, 2012 dismissal order.  The Court finds that the instant case is barred by the final decision on the merits in the First Case, Civil No. 11-00343 DAE-RLP.

As noted, Plaintiff is appearing pro se and the Court liberally construes his pleadings.  Eldridge v. Block, 832 F.2d 1132, 1137 (9th Cir. 1987).  Even with this liberal construction, the Court cannot grant Plaintiff any of the relief he seeks in his Complaint.  The Court acknowledges Plaintiff's frustration

---

[2] Plaintiff also has filed complaints in this court against some of the judges involved in those cases.  See, e.g., Spagnolo v. Mollway, Civ. No. 12-00357 RSWL-BMK; Spagnolo v. Ezra, Civ. No. 12-00262 RLH-BMK.

with the dismissal of his previous cases and at not having his requests for payments reviewed by either the SSA or this Court. As set forth above, however, as well as in the previous orders, the jurisdiction of this Court is limited and the Court cannot grant the relief that Plaintiff seeks.  The Motion is HEREBY GRANTED and the Complaint is dismissed with prejudice.  To the extent Plaintiff seeks judgment on the pleadings, Plaintiff's Motion is HEREBY DENIED for the same reasons.

### CONCLUSION

On the basis of the foregoing, Defendant Michael J. Astrue, Commissioner of Social Security's Motion to Dismiss, filed on February 1, 2013, is hereby GRANTED and the Complaint is dismissed with prejudice.  The Clerk's Office is directed to terminate this case.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, April 30, 2013.



/S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**NICK SPAGNOLO V. MICHAEL J. ASTRUE, COMMISSIONER OF SOCIAL SECURITY; CIVIL 12-00563 LEK-BMK; ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**